IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE BADELLE GROUP, INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00387-MMC<br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO SUPPLEMENT MOTION FOR ORDER PERMITTING SERVICE BY PUBLICATION OF SUMMONS** |

　　　Before the Court is plaintiff State National Insurance Company, Inc.'s "Motion for Order Permitting Service by Publication of Summons and Extending Deadlines," filed March 23, 2023, wherein plaintiff seeks an order "(1) allowing service by publication of defendants Brett Badelle and The Badelle Group, Inc. (collectively, 'the Badelle Defendants')" and "(2) extending the time permitted to complete service and comply with other Court-imposed litigation deadlines." (See Mot. at 1 (Dkt. No. 10).)  Having read and considered the papers filed in support of the motion, the Court finds it appropriate to afford plaintiff leave to file supplemental briefing as discussed below.

　　　Plaintiff asserts that its process server "has made repeated efforts to serve the Badelle Defendants with the summons and complaint . . . at the address specified in the subject insurance policy; at the address of the Badelle Group's designated agent for service of process listed by the California Secretary of State; . . . at another address found through internet research," and at an additional address discovered by a licensed investigator employed by plaintiff, but that all such efforts have been unsuccessful.  (See Mot. at 2.)  Plaintiff further asserts its counsel "attempted to contact the attorney who at one time represented the Badelle Defendants on coverage matters, and has provided

waiver of service forms under FRCP 4(d)[,]" but that "[t]here has been no response to those communications."  (See Mot. at 2.)

Plaintiff has not, however, indicated that it has endeavored to reach out to the Badelle Defendants' current counsel of record in the underlying personal injury action that gives rise to the instant lawsuit.  It would appear that both the Badelle Defendants and such counsel would have an interest in avoiding a potential default on a claim asserting plaintiff has no duty to defend or indemnify the Badelle Defendants in the underlying personal injury action.

Accordingly, plaintiff is afforded leave to file, no later than April 17, 2023, supplemental briefing as to the need for service by publication in light of the above-referenced opportunity to effectuate service or obtain waiver thereof.

**IT IS SO ORDERED.**

Dated: March 29, 2023

MAXINE M. CHESNEY
United States District Judge