1

2

3        IN THE UNITED STATES DISTRICT COURT

4        FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    STATE NATIONAL INSURANCE          Case No.  23-cv-00387-MMC
     COMPANY, INC.,
7
                 Plaintiff,
8                                      **ORDER RE: MOTION FOR SERVICE
          v.                           BY PUBLICATION; DIRECTIONS TO
9                                      PLAINTIFF**

10   THE BADELLE GROUP, INC., et al.,

         Defendants.
11

12       Before the Court is plaintiff State National Insurance Company, Inc.'s ("State

13   National") "Motion for Order Permitting Service by Publication of Summons and

14   Extending Deadlines," filed March 23, 2023, wherein State National seeks an order "(1)

15   allowing service by publication of defendants Brett Badelle and the Badelle Group, Inc.

16   (collectively, 'the Badelle Defendants') and (2) extending the time permitted to complete

17   service and comply with other Court-imposed litigation deadlines."  (See Mot. at 1 (Dkt.

18   No. 10).)

19       By order filed March 29, 2023, the Court afforded State National leave to file

20   supplemental briefing as to the need for service by publication, in light of the fact that, at

21   the time the motion was filed, State National had not endeavored to reach out to the

22   Badelle Defendants' current counsel of record in the underlying personal injury action that

23   gives rise to the instant lawsuit, whereby plaintiff seeks a declaration that it owes the

24   Badelle Defendants no duty to defend or indemnify them in said action.  (See Dkt. No. 13

25   ("March 29 Order").)  Thereafter, on April 11, 2023, counsel for State National filed a

26   supplemental declaration in support of the instant motion, wherein he describes his

27   unsuccessful attempts to effectuate service on the Badelle Defendants' counsel of record

28   in the underlying state action and renews State National's request to serve the Badelle

United States District Court
Northern District of California

1   Defendants by publication.  (See Raphael Supp. Decl. (Dkt. No. 15).)  The Court, having

2   read and considered the papers filed support of the motion, including the supplemental

3   filing, rules as follows.

**LEGAL STANDARD**

5   Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, an individual

6   defendant may be served with process in accordance with the law "in the state where the

7   district court is located or where service is made."  California law, in turn, provides that

8   "[a] summons may be served by publication if upon affidavit it appears to the satisfaction

9   of the court ... [1] that the party to be served cannot with reasonable diligence be served

10  in another manner specified in this article and [2] that ... [a] cause of action exists against

11  the party upon whom service is to be made."  See Cal. Code Civ. P. § 415.50(a).

**DISCUSSION**

**A.  Reasonable Diligence**

14  To determine whether a plaintiff has exercised "reasonable diligence," a court

15  must examine whether the plaintiff "took those steps which a reasonable person who truly

16  desired to give notice would have taken under the circumstances."  See Donel, Inc. v.

17  Badalian, 87 Cal. App. 3d 327, 333 (1978).  Reasonable diligence "denotes a thorough,

18  systematic investigation and inquiry conducted in good faith by the party or his agent or

19  attorney."  See Kott v. Superior Court, 45 Cal. App. 4th 1126, 1137 (1996).  "Before

20  allowing a plaintiff to resort to service by publication, ... courts necessarily require [such

21  party] to show exhaustive attempts to locate the defendant, for it is generally recognized

22  that service by publication rarely results in actual notice."  Watts v. Crawford, 10 Cal. 4th

23  743, 749 n.5 (1995) (internal quotation and citation omitted).

24  Here, in addition to the above-referenced declaration, State National has

25  submitted multiple declarations, from its counsel and licensed investigator, which

26  declarations, along with supporting exhibits, describe in detail its repeated attempts to

27  serve process on the Badelle Defendants at multiple locations and at a wide variety of

28  times, all without success.  (See Dkt. No. 10 at 6 (Decl. of Roger Raphael); Dkt. No. 10 at

United States District Court
Northern District of California

2

1   8 (Decl. of Summer Dos Santos), Exs. A, B; Dkt. No. 15 (Supp. Decl. of Roger Raphael).)

2      The Court finds the efforts to effectuate service on the Badelle Defendants, as

3   described by plaintiff's counsel, qualify as "exhaustive[,]" see Watts, 10 Cal. 4th at 479

4   n.5., and, accordingly, finds State National has exercised "reasonable diligence" for

5   purposes of the instant motion.

6   **B. Affidavit Supporting Cause of Action**

7      "An application for an order of publication must be accompanied by an affidavit

8   stating facts from which the trial court can draw the conclusion that the plaintiff has a

9   cause of action against the defendant." Rios v. Singh, 65 Cal. App. 5th 871, 884 (2021).

10  Such submission "is a jurisdictional prerequisite to the issuance of an order of

11  publication." Id.

12     Here, as noted, State National submitted, in support of the instant application,

13  declarations from its counsel.  Those declarations, however, contain no "independent

14  evidentiary support, in the form of a sworn statement of facts," see Castillo-Antonio v.

15  Azurdia, 2014 WL 4060219, at *2 (N.D. Cal. Aug. 14, 2014) (internal quotation and

16  citation omitted), based on "personal knowledge[,]" see Malachowski v. Doheny, 2021

17  WL 5991680, at *2 (N.D. Cal. Nov. 30, 2021), demonstrating that the instant action

18  constitutes a viable claim against each of the Badelle Defendants.

19     Accordingly, State National has not submitted the affidavit or declaration required

20  under California law. See Rios, 65 Cal. App. 5th at 884 (noting declaration, in lieu of

21  affidavit, may be filed).

22                          **CONCLUSION**

23     For the reasons stated above, the Court DEFERS ruling on plaintiff's motion, and,

24  again, affords plaintiff an opportunity to supplement its showing, in this instance by filing,

25  no later than April 28, 2023, an affidavit or declaration as required under California law.

26  In particular, such affidavit or declaration must include facts showing the claim against

27  the insured in the underlying action, as set forth in the underlying complaint, and, if

28  appropriate, any other document(s), falls within one or more of the exclusions on which

United States District Court
Northern District of California

3

1   State National is relying, and an explanation as to how the claimed exclusions apply to

2   the facts of the underlying claim.

3

4          **IT IS SO ORDERED.**

5

6   Dated: April 13, 2023

    MAXINE M. CHESNEY
7                                                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California